File No. 170721-A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-6178 |
| | ) | |
| ARAMARK SERVICES, INC., a Delaware Corporation, | ) | Honorable John Robert Blakely |
| ARAMARK FACILITY SERVICES, LLC, a Delaware | ) | Magistrate Honorable Jeffrey |
| Limited Liability Company, | ) | T. Gilbert |
| ARAMARK MANAGEMENT, LLC, a Delaware | ) | |
| Limited Liability Company, and/or | ) | |
| ARAMARK UNIFORM & CAREER APPAREL, LLC, | ) | |
| a Delaware Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR JUDGMENT, COSTS AND INTEREST

NOW COMES the Plaintiff GEORGE BROWN by his attorneys Law Offices of Heller, Trakhtman and Associates under and pursuant to 735 ILCS §5/2-2301 (Westlaw 2019) and respectfully requests that this Court enter Judgment against the Defendants, ARAMARK SERVICES, INC., a Delaware Corporation, ARAMARK FACILITY SERVICES, LLC, a Delaware Limited Liability Company, ARAMARK MANAGEMENT, LLC, a Delaware Limited Liability Company, and/or ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware Limited Liability Company for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under 735 ILCS § 5/2-1303 (Westlaw, 2019) and in support of such states as follows:

1

1. This matter was settled by agreement of the parties on April 3, 2019 after a Pretrial with the Honorable Judge, Jeffrey T Gilbert.

2. That the Settlement Checklist and Term Sheet executed and entered into by all of the parties in this matter expressly states that all parties to this litigation consent to the Magistrate Judge's Jurisdiction over this settlement. A copy of such Settlement Checklist and Term Sheet is attached hereto and made a part hereof as Exhibit A.

3. That on September 26, 2019 after Plaintiff's counsel, Steven Trakhtman, spoke to Adam Metcalf, a representative from Sedgwick, the Defendants' Insurance Company regarding Plaintiff, George Brown's wishes to not set up a Medicare Set Aside in this matter. Plaintiff's counsel emailed Mr. Metcalf and Defense Counsel, Craig M. Derrig and Keith K. Ybanez the executed Release and Settlement Agreement, Plaintiff law firm's W-9, the final demand letter from Medicare dated September 24, 2019 and a letter that Plaintiff's counsel forwarded to Medicare on September 16, 2019 requesting a final demand from Medicare and correspondence regarding a Medicare Set-Aside along with a narrative report from Dr. Levy, Plaintiff's orthopaedic surgeon dated July 24, 2019 and a letter signed by George Brown in regards to a Medicare set aside dated September 7, 2019. A copy of the Plaintiff's September 26, 2019 email is attached hereto and made a part hereof as Exhibit B. A copy of the Plaintiff's executed Release and Settlement Agreement which was forwarded to Defense counsel on September 26, 2019 is attached hereto and made a part hereof as Exhibit C.

4. That the letter Plaintiff's counsel forwarded to Medicare on September 16, 2019 requesting final payoff information from Medicare and correspondence regarding a Medicare Set-Aside specifically stated and informed Medicare that the Plaintiff's orthopaedic surgeon, Dr. Levi

stated in his July 24, 2019 narrative report that the Plaintiff, George Brown may require reverse right total shoulder surgery in the future as a consequence of the right shoulder injury sustained by him in the December 13, 2015 accident which was at issue in this case. Dr. Levy's July 24, 2019 narrative report was forwarded to Medicare by Plaintiff's counsel along with the September 16, 2019 letter requesting final payoff information from Medicare and correspondence regarding a Medicare Set-Aside. The September 16, 2019 letter which Plaintiff's counsel forwarded to Medicare requesting final payoff information and correspondence regarding a Medicare Set-Aside along with a narrative report from Dr. Levy dated July 24, 2019 a letter signed by Plaintiff, George Brown in regards to a Medicare Set-Aside dated September 7, 2019 are attached hereto and made a part hereof as Group Exhibit D.

5. That the letter Plaintiff's counsel forwarded to Medicare on September 16, 2019 requesting final payoff information from Medicare and correspondence regarding a Medicare Set-Aside specifically stated and informed Medicare that the Plaintiff, George Brown has reviewed Dr. Levi's narrative report and does not intend to have any future surgeries performed on his right shoulder and as he does not plan on having any future surgeries performed on his right shoulder he does not wish to allocate any of his settlement funds in this case to a Medicare Set-Aside for such purpose. See Group Exhibit D**.** The September 16, 2019 letter to Medicare goes on to state that Plaintiff, George Brown understands that should he change his mind in the future and decide to have such surgery performed on his right shoulder as discussed in Dr. Levi's narrative report that Medicare may not pay for such surgery and that in such case he would be responsible for the surgery costs. A letter signed by George Brown, dated September 7, 2019 regarding his wishes to not set up a Medicare Set-Aside was forwarded to Medicare by Plaintiff's counsel along with the September

3

16, 2019 letter requesting final payoff information from Medicare and correspondence regarding a Medicare Set-Aside. See Group Exhibit D.

6. On September 24, 2019 CMS forwarded to Plaintiff's counsel a final demand letter which on the second page stated the following in regards to Plaintiff's future medical treatment and Medicare Set Aside "Although the file is closed please understand that Medicare has no responsibility to pay for any claims related to the above referenced case that were incurred from the date of incident until the day after the case was finalized (settled). Medicare has no responsibility for these claims as they should be paid out of any settlement, judgment, or award proceeds." A copy of the CMS's September 24, 2019 final demand letter is attached hereto and made a part hereof as Exhibit E.

7. Defense counsel and the Defendant's insurance company were in receipt of CMS's final demand letter from Plaintiff's counsel on September 26, 2019 and were aware of the above correspondence from Medicare. See Exhibit B. Also per Plaintiff's counsel, Steven Trakhtman's previous correspondence with defense counsel, defense counsel was aware that Plaintiff, George Brown did not want a Medicare Set-Aside to be set up. A copy of the Plaintiff counsel's August 7, 2019 email to defense counsel is attached hereto and made a part hereof as Exhibit F.

8. On October 14, 2019 Plaintiff's counsel emailed defense counsel inquiring as to the status of the settlement check in this matter. A copy of the Plaintiff counsel's October 14, 2019 email to defense counsel is attached hereto and made a part hereof as Exhibit G.

9. On October 18, 2019 Plaintiff's counsel received an email from defense counsel that his client cannot issue the check because its vendor needs to work on the Medicare Set-Aside so that they can present it to the Plaintiff and put this amount in a new release for the Plaintiff to sign. See Exhibit G.

10. After receiving the above email Plaintiff's counsel, Steven Trakhtman called Defendants' counsel, Craig Derrig. Mr. Trakhtman was informed by Mr. Derrig during this telephone conversation that even though the Defendant's insurance company is aware that Plaintiff will refuse to have a Medicare Set-Aside (MSA) set up ,from Plaintiff's previous correspondence to them, they still want to put a proposal for an MSA in the Settlement Release Agreement for Plaintiff to reject it prior to issuing a settlement check.

11. The Defendants' reasoning above makes no logical sense and has no purpose other than to delay the issuing of the settlement funds to the Plaintiff.

12. Defendants are aware that Plaintiff does not want an MSA set up from his settlement funds regardless of what the Defendant's MSA proposal is. They are aware that Plaintiff understands the consequences of not setting up an MSA regarding payment for his future medical care. They are aware that Medicare was notified of Dr. Levi's narrative report regarding the Plaintiff's possible need for future surgical treatment and that Medicare was notified of the Plaintiff's wishes to not set up an MSA. Defendants also are in possession of Medicare's final demand letter dated September 24, 2019 which clearly states in regards to MSA on the second page that Medicare has no responsibility to pay for any claims related to the above referenced case that were incurred from the date of incident until the day after the case was finalized (settled). Medicare has no responsibility for these claims as they should be paid out of any settlement, judgment, or award proceeds. See Exhibit E.

13. Despite the above stated knowledge Defendants insist on drafting a new release which contains an MSA proposal that they know that the Plaintiff will reject. This Release will obviously

require the Plaintiff's execution prior to the Defendants issuing a settlement check, which will obviously require more delay in the Plaintiff receiving his settlement funds.

14. In fact, during Plaintiff's counsel Steven Trakhtman's telephone conversation with Defendants' counsel Craig Derrig on October 18, 2019 Plaintiff's counsel asked how much longer it will take for his client to forward a settlement release to him with a proposed MSA. Plaintiff's counsel was informed by defense counsel that he does not know how much longer it will take but it should not be too much longer. As of October 28, 2019, over 30 days from the date that Plaintiff's counsel forwarded the Plaintiff's signed settlement release to defense counsel on September 26, 2019, Plaintiff's counsel has still not received a new settlement release with a proposed MSA.

15. 735 ILCS §5/2-2301 (Westlaw 2019) provides in part that:

(d) A settling defendant shall pay all sums due to the plaintiff within 30 days of tender by the plaintiff of the executed release and all applicable documents in compliance with subsections (a), (b), and ( c ) of this Section.

(e) If, after a hearing, the court having jurisdiction over the parties finds that timely payment has not been made by a defendant pursuant to subsection (d) of this Section, judgment shall be entered against that defendant for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under Section 2-1303 of this Code, calculated from the date of the tender by the plaintiff under subsection (d) of this Section.

16. The Defendants' reasoning for withholding the settlement check despite receiving the executed Settlement Release, which they themselves drafted, and Medicare's final demand letter in this matter on September 26, 2019, over 30 days ago has no reason, logic or merit and serves no other purpose than to harass the Plaintiff and to delay the Plaintiff's receipt of his settlement funds.

WHEREFORE, Plaintiff, GEORGE BROWN**,** prays for judgment against the Defendants, ARAMARK SERVICES, INC., a Delaware Corporation, ARAMARK FACILITY SERVICES,

LLC, a Delaware Limited Liability Company, ARAMARK MANAGEMENT, LLC, a Delaware Limited Liability Company, and/or ARAMARK UNIFORM & CAREER APPAREL, LLC, a Delaware Limited Liability Company, and each of them, in the undisclosed settlement amount, plus costs of this Motion, interest and any such further and other relief deemed appropriate under the circumstances.

**LAW OFFICES OF. HELLER, TRAKHTMAN & ASSOCIATES**

By: /s/ Steven Trakhtman

Steven Trakhtman (6301045)
Todd A. Heller (3122211)
Andrea J. Beer (6281628)
Law Offices of Heller, Trakhtman & Associates
707 Lake Cook Road, Suite 316
Deerfield, IL 60015
847-714-0300
847-714-0310 Fax
Andrea@thellerlaw.com